# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-4183

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　　Appellee,　　　　　　*
　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　*　Eastern District of Missouri.
　　　　　　　　　　　　　　　　　*
Michael James Holmes,　　　　　　 *
　　　　　　　　　　　　　　　　　*　[UNPUBLISHED]
　　　　　　　Appellant.　　　　　 *

_____

Submitted: June 14, 2007
Filed: August 15, 2007

_____

Before MURPHY, BEAM, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Michael James Holmes was found guilty, following a jury trial, of possession with intent to distribute 50 grams or more of a substance containing cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii), and of knowing possession of one or more firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). The district court[1] sentenced Holmes to mandatory consecutive prison terms of 240 months, the statutory minimum, on the drug conviction and 60 months, the statutory minimum, on the firearm conviction; he was

_____

[1]The Honorable Carol E. Jackson, Chief Judge, United States District Court for the Eastern District of Missouri.

sentenced to concurrent supervised-release terms of ten years and three years, respectively. On appeal, Holmes's counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), raising issues under Batson v. Kentucky, 476 U.S. 79 (1986), and with regard to the admission of evidence. Holmes has submitted letters to this court which raise issues related to those already raised by his counsel on appeal.

Concerning the Batson claim, the district court correctly denied Holmes's challenge to the government's use of peremptory strikes against three venire persons. See United States v. Pherigo, 327 F.3d 690, 695 (8th Cir. 2003) (clear error standard of review). On appeal, Holmes specifically challenges the use of the peremptory strike against a certain black venire woman. However, the government presented a race-neutral reason for the strike and had also used its peremptory strikes against similarly-situated white venire persons. Holmes failed to show that this proffered explanation was pretext for discrimination. See United States v. Maxwell, 473 F.3d 868, 871 (8th Cir. 2007) (explaining the process and burdens in presenting a Batson challenge).

Further, the district court did not abuse its discretion in denying Holmes's motions in limine to exclude the introduction of a prior drug conviction or his 2003 tax returns. See United States v. Walker, 428 F.3d 1165, 1171 (8th Cir. 2005) (abuse of discretion standard of review); United States v. Molina, 172 F.3d 1048, 1054-55 (8th Cir. 1999) (upholding admission of trafficking and possession convictions from ten years prior to offense charged to refute defendant's assertion that she was innocent bystander in drug transactions); United States v. Trotter, 889 F.2d 153, 155 (8th Cir. 1989) (evidence that defendant failed to file tax return was probative of net worth and relevant to defendant's claim that money found with drugs was not product of drug distribution).

After conducting a careful, independent review of the record, including the transcripts of the trial and the sentencing, in accordance with <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues. Thus, we grant counsel's motion to withdraw, and we affirm. We deny appellant's second motion to supplement the record.

_____